UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

FLORA L. GREENLEE,                          Case No. 1:04-cv-686

          Plaintiff,                        Watson, J.
                                            Black, M.J.

vs.

JOHN POTTER, POSTMASTER
GENERAL, UNITED STATES
POSTAL SERVICE,

          Defendant.


**REPORT AND RECOMMENDATION[1] THAT DEFENDANT'S UNOPPOSED
MOTION FOR SUMMARY JUDGMENT (Doc. 17) BE GRANTED AND THIS
CASE BE CLOSED**

Plaintiff Flora L. Greenlee ("Plaintiff") initiated this action on October 4, 2004 by

filing a *pro se* complaint pursuant to Title VII of the Civil Rights Act, 42 U.S.C. 2000e-2,

against her former employer, the United States Postal Service ("Defendant").

On February 23, 2006, Defendant filed a motion for summary judgment, to which

Plaintiff did not respond.  (Doc. 17.)  Thereafter, on March 30, 2006, Plaintiff was ordered

to show cause in writing within fifteen days why the motion for summary judgment should

not be granted and this matter dismissed.  (Doc. 18.)  Plaintiff has not responded to the

Order to Show Cause although more than fifteen days have passed since the entry of the

Order.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and
Recommendation.

Plaintiff's failure to respond to either the motion for summary judgment or the order to show cause warrants granting Defendant's motion.  *See* S.D. Ohio Civ. R. 7.2(a)(2).  However, "a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded.  The Court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged [his initial] burden."  *Stough v. Mayville Cmty. Schs.,* 138 F.3d 612, 614 (6th Cir. 1998) (quoting *Carver v. Bunch,* 946 F.2d 451, 455 (6th Cir. 1991)).

## I.  STANDARD OF REVIEW

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48 (1986).  The moving party has the burden of showing the absence of genuine disputes over facts which might affect the outcome of the action.  *Celotex,* 477 U.S. at 323.  All facts and inferences must be construed in a light most favorable to the party opposing the motion.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

When the moving party files a motion for summary judgment, the non-moving party cannot "rest upon the mere allegations or denials of his pleading, but ... must set forth specific facts showing there is a genuine issue for trial."  *Anderson,* 477 U.S. at 248. The Federal Rules of Civil Procedure require that the non-moving party produce some

-2-

evidence in support of its allegations supporting its claims, by affidavits or as otherwise provided in the rule.  Fed. R. Civ. P. 56(e).  When a motion for summary judgment goes unopposed, the district court may properly rely upon the facts provided by the moving party.  *See Guarino v. Brookfield Twp. Trs.,* 980 F.2d 399, 404-05 (6th Cir. 1992).

## II.  UNDISPUTED FACTS

In January 2002, Plaintiff became the manager of the Computerized Forwarding System ("CFS") unit of the Postal Service's facility in Cincinnati, OH.  (Doc. 17, Ex 1, Greenlee Dep. at 17-18.)  As Manager of the CFS, Plaintiff had two or three supervisors who reported directly to her and about 50 workers who reported to the supervisors.  (*Id*. at 19.)

In late September 2002, during a routine walk-through of the CFS unit, one of Plaintiff's supervisors observed a substantial quantity of "delayed mail", *i.e.*, mail that should have processed and moved into the mail stream but was still in the unit.  (Doc. 17, Ex. 2.)  As a result, on October 22, 2002, Plaintiff was issued a disciplinary Letter of Warning in lieu of a 14-Day Time-Off Suspension for failure to perform her assigned duties in a conscientious and effective manner.  (Doc. 17, Ex. 3.)

Thereafter, Plaintiff was reassigned to a job at the Mid-City facility in Cincinnati, with no change in her salary and benefits.  The discovery of the delayed mail also prompted the Postal Service to initiate an internal investigation into the overall operation of the CFS unit.  The investigation revealed that Plaintiff's management of the CFS unit had been unsatisfactory.  Mail had been consistently delayed for several weeks, and

Plaintiff had directed her subordinates not to file the required reports that would have alerted higher-level officials about the delayed mail.  As a result of the findings of the investigation, Plaintiff was not returned to the CFS manager position.

Plaintiff then filed an administrative EEO complaint in December 2002 alleging that the October 2002 Letter of Warning constituted age discrimination.  After the Postal Service began investing Plaintiff's complaint, Plaintiff added further allegations including gender and disability discrimination.  The EEO investigation was completed on December 4, 2003.  A copy of the investigative report was mailed to Plaintiff, along with a notice informing her that she had 30 day in which to request a hearing before an EEOC administrative judge.  (Doc. 17, Ex. 9.)  Plaintiff timely requested a hearing; however, she later withdrew her request for an administrative hearing.  (*Id.* at Ex. 10.)  On June 25, 2004, the Postal Service entered its Final Agency Decision, finding no discrimination based on sex, age, and/or physical disability.

Plaintiff then filed the instant civil action on October 4, 2004.  (Doc. 1.)  Plaintiff's *pro se* complaint sets forth five itemized assertions, as follows:

> (1) On October 7, 2002, the complainant was removed as manager of CFS by Eric Simon; (2) On October 20, 2002, a Letter of Decision-Letter of Warning in lieu of a 14 day time off suspension was issued by Thomas J. Lang Acting Postmaster/Manager of Human Resources in Cincinnati, OH. The complainant did not see this notice until January 2003; (3) A PS Form 50 effective 10/05/02 changed her pay location and her FON- Robert (Skip) Leicht and Thomas J. Lang; (4) The complainant returned to work on 1/13/03.  The complainant was harassed and threatened by Robert (Skip) Leicht until 2/24/03 when she went out on Family Medical leave again; (5) Released by Doctor to return to work on 08/06/03.  Robert Leicht refused to except the release/return, saying he had nothing for her to do and she was

not a hundred percent.

(*Id.* at p. 2-3)

Defendant asserts, *inter alia,* that it is entitled to summary judgment because Plaintiff failed to exhaust her administrative remedies, and because the complaint fails to state a claim for relief.  For the reasons that follow, the undersigned finds that Defendant's motion for summary judgment is well-taken and should be granted.

### III.  DISCUSSION

Defendant is entitled to judgment as a matter of law with respect to Plaintiff's fourth and fifth claims because she failed to exhaust her administrative remedies.  It is well established that a Title VII plaintiff must first exhaust all available administrative remedies before filing a civil action.  *See Hayes v. City of Memphis,* 108 Fed.Appx. 262, 265 (6th Cir. 2004); citing *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 555 n. 4 (1977) (timely filing a charge with the EEOC and subsequently timely filing a complaint in federal district court are prerequisites to maintaining a Title VII action); *see also Zipes v. TWA*, 455 U.S. 385, 392-98 (1982) (exhaustion of administrative remedies is a condition precedent to a Title VII action.).

Here, Plaintiff's first three claims were raised in the EEOC administrative filings prior to the filing of this action.  Claims four and five, however, were not raised in Plaintiff's EEOC filing, and, therefore, Defendant is entitled to judgment as a matter of law with respect to these claims four and five.

-5-

Defendant is also entitled to judgment as a matter of law with respect to Plaintiff's additional claims because the allegations contained in Plaintiff's complaint fail to establish a *prima facie* case of age, disability and/or gender discrimination, and Plaintiff has not provided any additional evidence or argument in support of her claims.. *See Williams v. Tyco Elec. Corp.*, 161 Fed.Appx. 526, 529 (6th Cir. 2006) (affirming district court's decision to grant summary judgment based on Plaintiff's failure to proffer sufficient evidence to make out a *prima facie* case of either age or race discrimination).

Upon review of the record and consideration of the Defendant's motion for summary judgment, the undersigned finds that there is no genuine issue as to any material fact, and that the Defendant is entitled to judgment as a matter of law.

**IT IS THEREFORE RECOMMENDED** that Defendant's unopposed motion for summary judgment (doc. 17) be **GRANTED**, and this case be **CLOSED**.


Date:  June 5, 2006                                         s/ Timothy S Black
                                                         Timothy S. Black
                                                         United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

FLORA L. GREENLEE,                            Case No. 1:04-cv-686

        Plaintiff,                          Watson, J.
                                              Black, M.J.

vs.

JOHN POTTER, POSTMASTER
GENERAL, UNITED STATES
POSTAL SERVICE,

        Defendant.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation within **TEN DAYS** after the date this Report and Recommendation is stamped "filed" by the Clerk of Court.  This period may be extended by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party may respond to an opponent's objections within **TEN DAYS** after being served with a copy those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

-7-